U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 OCT 20 P 12: 50

CLERK OF COURT

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | | |
|---|---|---|
| Timothy L. Hoeller, Plaintiff and Petitioner | ) | |
| v. | ) | No. 26-C 1950 |
| Leslie S. Boese, D.A. of Waukesha County and Josh Kaul, State of Wisconsin Department of Justice, Defendants and Respondents | ) | |

## COMPLAINT

{Par. 1} This is a request under a 42 U.S.C. Section 1983 petition for a review of Waukesha County Court Criminal Charges Case No. 22 CF 345 and Case No. 23 CF 758. One combined trial has been set to begin January 26, 2027 in Waukesha County. A Notice of Government claim for injuries to a person has been forwarded via Certified Mail Return Receipt on October 10, 2026 to the Wisconsin Department of Justice. (Refer to the "Appendix" for that paperwork and a reply Green Card). This case has to be filed at this time to preserve filing deadlines, since it is known that the statute of limitations for these cases is three (3) years.

{Par. 2} Despite obtaining Probable Cause in a hearing on October 23, 2023, for which this filing is being made two (2) days short of three years from that hearing, there appears to be an insufficient investigation of rights and privileges afforded to Hoeller for the events of Case No. 23 CF 758 giving rise to probable cause. Sufficiency of the investigation is herein challenged. Some threshold exists for egregious conduct of the prosecutors. If they knew more, it would indicate that the charges should not have been filed. This observation is based on dates where

witnesses of the state do not agree on the date at which contact to victims from Case No. 22 CF 345 would be impermissible.

[Par. 3] Acting as his own attorney in civil litigation, Mr. Hoeller has not done anything different than any attorney would do in regards to contact from legal court filings. He is not being charged, nor has the prosecution examined him for legal malpractice of violating a "no contact order". The prosecutor is claiming that mailed paperwork to a victim's home is the cause for charges of Case No. 23 CF 758. Evidence is not convincing that violations of the restraining injunction came about from mailing legal filings at the various times in May of 2022. As mentioned, there are too many different dates for state's witnesses. It is hardly harassing to receive legal documents of process service. The D.A.'s office needs help and oversite by the Wisconsin Department of Justice. Recklessness is not bringing to court that there were other state employees involved after bond conditions were provided late in February 2022 for Case No. 22 CF 345. They made determinations and allowances that Hoeller relied upon.

[Par. 4] Milwaukee's civil cases terminated on July 29, 2022. No investigation into Case No. 22 CV 3344 has been made. Due Process rights of a 4th and 14th claim have been found under *Raley* where judges in civil court have a different understanding of the dates than an investigating detective Stucker of the City of Waukesha. Hoeller feels that he is getting indefensibly trapped between what judicial decisions allowed in civil court and what is being enforced by the police. He is sure to suffer a conviction if jurors believe police that Hoeller failed to comply with their orders. To ignore Detective Stucker, Hoeller's actions are clearly protected.

Free speech cases like these cannot be won on circumstantial evidence alone. The meaning of words and context are higher levels which reasonable jurors will consider.

[Par. 5] The prosecution has the burden to meet the elements for Case No. 23 CF 758. If they had compared paperwork, the four (4) sets of documents giving rise to the charges in Case No. 23 CF 758 are "true and accurate" legal filings, so laws on service of process and service methods of courtesy copies with corporate service become material. This is missing. Local rules of Milwaukee County courthouse matter, too, and require investigation. The charges have diminished Hoeller's rights. Charging him with a crime when he was exercising his constitutional rights to petition the government for wrongs of the complainants is abusive.

## PROCESS HISTORY AND ADDITIONAL DETAILS

[Par. 6] Case No. 23 CF 758 concerns bail jumping and violation of an harassment injunction four (4) times each going back to the prior year in May of 2022. The case was actually filed more than a year late. Specifically, Case No. 23 CF 758 was filed on May 11, 2023 after the complaining party came into court reporting a complaint that elucidated a response of Hoeller's criminal defense attorney Mr. Paul Crawford. A single count of a Terroristic Threats Case No. 22 CF was filed on February 25, 2022. Defense Attorney Mr. Crawford was Hoeller's legal counsel at the time the complainants filed a Harassment Restraining Order Case No. 22 CF 353 on March 8, 2022, and overlapping cases of civil and criminal charges occurred between the parties. Those cases are from Milwaukee's Courthouse Case No. 22 SC 9449 and Case No. 22 CV 3344.

[Par. 7] After an investigational letter dated October 18, 2023 of the prior D.A that is provided as Exhibit "A" was declared by the prosecutor to be incorrect in a briefing schedule.

The theory for the bail jumping charge changed from a failure to appear to supposed violation of a "no contact order". What is correct on the letter is that no discovery was provided to Hoeller's attorney Mr. Paul Bucher. This has resulted in the filling Pro-Se of motions to compel the exhibits to be used at trial and to inspect the four (4) sets of documents that have given rise to Case No. 23 CF 758. Mr. Hoeller is acting Pro-Se so he is not looking to have games played with him in withholding discovery for late turnover, because going to a trial and defending oneself is extremely stressful. Delays only add to anxiety. Anxiety increases mental illness. Mr. Hoeller needs time to prepare for trial. If he has all of the evidence sooner than later, he can discuss this with his current assisting attorney Mr. Pablo Galaviz prior to a pre-trial hearing.

[Par. 8] A current analysis of the charging theory from the Complaint of Case No. 23 CF 758 and Probable Cause hearing indicate that the prosecutor's new theory for the bail jumping charges is that they came about from a violation of a restraining order. This means the same events have caused more than one charge. No one mentioned, as the charges occurred successively during the month of May that anything was wrong. Judge Swanson in Milwaukee's courthouse determined that June 8th would be a date (or the latest possible date) at which contact against a "no contact order" would be prosecuted. The error is that he is not the D.A. nor the police who are actually prosecuting the restraining order violation. The charges are predatory, because Hoeller should not be held legally responsible. He did not know he was committing a crime. The "Order" of Milwaukee's Case No. 22 SC 9449 is attached in Exhibit "B". It mentions in the first paragraph dates of both May 8, 2022 and final order entered on June 8, 2022. All judgments under Full Faith and Credit of Article IV, Section 1 of the U.S. Constitution

are enforceable in other cases. The D.A. has not positively confirmed that the four (4) sets of letters came from this case as "true and accurate" copies, so Hoeller has been prejudiced which has denied him his rights to have this examined up front prior to filing of the complaint.

[Par. 9] For this paragraph, refer to P. 4 of the Complaint of Case No. 23 CF 758 which is included as the second document after the cover letter to Josh Kaul. The police have Ms. Denise Greathouse as a witness who was acting as Carroll's outside counsel. According to the last two (2) paragraphs of the Complaint of Case No. 23 CF 758, while she has supposedly tendered letters on November 16, 2021 and August 9, 2021 that state that contact to Carroll University from civil litigation should go to her, these letters go with other cases. The D.A. has no experience in civil court so that they do not know that each and every civil case has to be proved out as to who the parties are and who the legal paperwork should be tendered to. In all instances for service of process, the corporate registered agent would be involved. This is by default and established by law. This will matter here. Mailing courtesy copies to a registered agent can hardly be offensive and even harassing as is implied in the Complaint of Case No. 23 CF 758 by witness Ms. Greathouse.

[Par. 10] Who was the registered agent for Carroll University? The state holds these records which the Plaintiff believes are exculpatory evidence. Standard discovery requests describe that all records held by the State are required to be turned-over if they aid the defense. In this situation, those records go beyond the D.A.'s office's files and can be found with the Department of Financial Institutions.

## JURISDICTION

### I. Considerations

[Par. 11] Part IV: "Jurisdiction and Venue" -- Sections 1251–1631 of 28 U.S.C. ("Title 28") determine the constitutional limits of what claims can be brought to federal court and where. Like federal court, Waukesha County where the criminal charges have originated are also courts of limited jurisdiction where they do not have to hear constitutional law (i.e. federal Due Process) challenges in criminal cases, where these charges should not have been filed in the first place given that an insufficient investigation occurred.

{Par. 12] Few criminal defense attorneys have the ability, as the Plaintiff has found to conduct specialized Constitutional Law arguments pre-trial. The court-appointed attorneys, that Mr. Hoeller has had assigned to him for his defense are addressing the charges on the surface attempting pleas or NGIs. In Case No. 23 CF 758, he has not had effective assistance of counsel. He will have to take stand in a trial like everyone else with a lawyer working on reserve to assist him. Refer to another Exhibit "C" of a letter dated September 2, 2023 forwarded to Waukesha's courthouse when the Plaintiff first determined that a Constitutional Lawyer would be needed for his defense. On the bottom line of that document, Mr. Hoeller has described the need for a Constitutional Lawyer from a short list. Such a Pro-Bono attorney could agree to consultations in which such a lawyer could assist in dismissal of Case No. 23 CF 758 under a briefing schedule for Due Process. If such a lawyer actually writes paperwork for court purposes, then they would own the rights to pursue similar actions in later cases for paying wages. The Plaintiff will allow publicity for this. The Plaintiff will allow a news reporting and photographer to record trial

proceedings. At this time, the court does not provide court-appointed attorneys of this caliber, so Hoeller is prejudiced likely to lose Case No. 23 CF 758 without an expert appointed.

## II. Proposed Intervention by Federal Court

{Par. 13] In Plaintiff Hoeller's prior Civil Case No. 22-CV-677-SCD of this court, following the Recommended Dismissal at Screening Stage decision dated July, 11, 2022, a further examination for dismissal revealed the application by the court of the *Younger* abstention doctrine. This time, the Plaintiff has made a closer examination to find a later case *Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013)* that has helped to clarify the federal doctrine of abstention.

{Par. 14] Recall, the *Younger* abstention doctrine is derived from the landmark U.S. Supreme Court case Younger v. Harris is 401 U.S. 37 (1971). It constitutes a legal principle that bars federal courts from intervening in ongoing state court proceedings. The *Sprint Communications* case which occurred later in 2013 cites the Supreme Court case of *New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 US 350.* While these cases appear to reflect civil litigation from state agency administrative rulings among other things, there has to be exigent circumstances for any federal court to take-up a case and pre-empt state actions while a state court criminal charge is proceeding. Those extraordinary circumstances are discussed further in the "Argument" section of this brief meant to make it more mandatory than elective if the State of Wisconsin, its D.A.'s office in Waukesha County, and the Department of Justice is going to reply to the allegations herein.

{Par. 15]	Mr. Hoeller has a ruling in Case No. 11 C 6451 by an Executive Committee (Refer to Exhibit "D" for a "true and accurate" copy) dated September 15, 2011 of the Northern District of Illinois that allows him in Item #7(1) the ability to represent himself in federal court to defend himself in criminal actions. In Item #7(2), he has the right to seek writs of habeas corpus or extraordinary writs as other actions in federal court. It is this "other action" of an extraordinary writ that constitutes this appeal to federal jurisdiction.

## "ARGUMENT" SECTION FOR JURISDICTION

[Par. 16]

I. Circumstances For An Extraordinary Writ

A. Federal Jurisdiction Can Clarify Case Overlaps: Apparently, the reason why the criminal charges are intertwined with the civil litigation is that there is a high perceived liability of Carroll University and its defense attorneys because they do not want to lose the civil lawsuits covering employment and labor relations matters. This is especially true because of the prior employment discrimination lawsuit of *Hoeller v. Eaton Corporation* 149 F.3d 621 (7th Cir. 1998). The defense attorneys had an agenda to allege harassment from the very start because that is the only and best way to defend the civil litigation given that later cases citing the *Eaton* case declare that accommodations are denied to anyone who is harassing. When the lawyers claim that Hoeller's conduct was harassing, this is not necessarily so.

B. All Applicable State Court Litigation Requires Examination: In prior decisions of this federal court, they have determined that the civil litigation involving Carroll

University and the Plaintiff here are intertwined. Based on dates for filing and events, the criminal charges from Case No. 23 CF 758 were overlapping with civil litigation. That civil litigation occurred in Milwaukee County. One of the cases was Small Claims Case No. 22 SC 9449 and other one was Large-Scale Claims Case No. 22 CV 3344. The prosecutor in Waukesha County knows about the small claims case, because it shows up in the Complaint of Case No. 23 CF 758. They seem to be amiss as to large-scale claims Case No. 22 CV 3344, because it has never been discussed nor mentioned in any legal paperwork or hearings of Waukesha County. Thus, federal jurisdiction under a Due Process Rights of 4th and 14th Amendments rights claim would help to untangle the mess of the concurrent and overlapping litigation between state and federal courts. All of the litigation that might have application has not been identified. If it were, documents in the large-scale case give insight into whether charges should have been filed in the first place based on dates.

Copies of documents from Milwaukee Civil Case No. 23 CV 3344 are provided in Exhibit "E". They put together what was described in civil proceedings regarding when Hoeller could contact the victims of Carroll University through the filing of civil lawsuits. Testimony cannot necessarily be changed by witness Ms. Greathouse. When a violation for contempt of court is mentioned, Hoeller is not being charged for the criminal side of that matter. So, the State and its witnesses have caused some confusion. Too much confusion is a good reason for dismissal of the charges.

It should also be noted that in all of the civil litigation which involved numerous filings and summons served and obtained through sheriff's offices that the court never mentioned that Hoeller needed to be compliant with bond conditions of "no contact". Victim and witness keys are portable and could have been brought into court for the civil judges to take notice of. Deficiencies like these in the civil proceedings, when Hoeller's focus was what was allowed and not allowed in the civil litigation is predatory practice of a prosecution.

C. Jurisdication Is A Suitable Remedy for Plaintiff Hoeller: The *Sprint Communications* case cites the Supreme Court case of *New Orleans Public Service, Inc. v. Council of City of New Orleans, 491 US 350* for federal jurisdiction in a civil proceeding. There has to be exigent circumstances for any federal court to take a criminal case. Extraordinary circumstances exist here when state court orders from civil court are examined which show that Mr. Hoeller has plead himself out of state court.

D. Federal Jurisdiction Is Consistent With A Prior Ruling: In The exhibit provided for Case No. 11 C 6451 by an Executive Committee dated September 15, 2011 of the Northern District of Illinois allows Mr. Hoeller in Item #7(1) the ability to represent himself in federal court to defend himself for criminal actions, and in Item #7(2) the ability to seek writs of habeas corpus or extraordinary writs. If this case is accepted in this court, then such a decision would be commensurate with the Northern District of Illinois court.

E. *New Orleans Public Service, Inc.* Provides Extraordinary Circumstances: When federal court takes over state court litigation, as a higher authority it pre-empts, displaces, invalidates, or supersedes it. As published under "A" of *New Orleans Public Service, Inc.* -- "Unlike a claim that a state agency has misapplied its lawful authority or has failed to take into consideration or properly weigh relevant state-law factors, federal adjudication of this sort of pre-emption claim would not disrupt the State's attempt to ensure uniformity in the treatment of an 'essentially local problem'," citing *Alabama Pub. Serv. Comm'n, supra,* at 347. It needs to be emphasized here, similarly, that state agencies like D.A.'s offices have to make such a sufficient investigation that they examine all evidence that is material to the charges *before* filing of the charges themselves (italics meant for emphasis). They are capable of determining if a piece of evidence is material or not. They are capable of identifying if it supports the prosecutor's case or the defense. Here, if all of the evidence is put together where little effort has been shown to find all publicly available records, then from such an investigation discussed with the state's witnesses, investigators, and police -- they may not proceed with Case of 23 CF 758. Parties may not want to come into court in which they could embarrass themselves. They are lawyers and public officials and the detective Stucker of the City of Waukesha. When they have no answers in cross examination as to what the judges allowed, they may not want to proceed requesting that the D.A. get rid of the bail jumping and restraining injunction violations.

[Par. 17]

## III. Time-frame For Filing Of This Action

The filing of this case can save the Plaintiff from loss of rights of action as may prove meritorious. There are time-frame at which statutes run. With delay after delay occurring in Waukesha's criminal court and a three (3) year statute of limitations to bring U.S.C.42 Section 1983 cause to the attention of a federal court, this complaint has been made timely. It will preserve his claims. In the event that the Plaintiff becomes incarcerated do to pending charges in the combined charges into one trial of Waukesha County Case No. 22 CF 345 and Waukesha County Case No. 23 CF 758, then he will not be able to appear in federal court. So, final decisions on the merits of this claim will have to wait. The cause of *Seybold v. Milwaukee County Sheriff, 276 F. Supp. 484 - Dist. Court, ED Wisconsin (1967)* appears to spell out that upon release from any incarceration, if that would result from the proceedings in Waukesha's Criminal court, then the Plaintiff would have 30 days to re-open this cause. Although the *Seybold* case is rather old going back to 1967, there still is a 30-day allowance in time to continue filed proceedings from an appeal of a circuit court order to the court of appeals.

## ALLEGATIONS

[Par. 18] The insufficiency in the investigation of Case No. 23 CF 758 is manifested by the following:

1. There are no police reports.
2. There is no custodial interview and the case involves a felony. It is the legislature in Wisconsin who have desired uniformity in case investigations, so they have made the taking of a custodial interview a policy of the State. That policy has been violated here.

3. There is no mention that Case No. 23 CV 3344 has exculpatory evidence with legal orders that can be have an effect of acquittal with dates that describing enforceability of restraining order violations.

4. There is a statute in Wisconsin which limits errors for liability, this is Wisc. Stat. 939.43, that describes mistakes as: (1) An honest error, whether of fact or of law other than criminal law, is a defense if it negatives the existence of a state of mind essential to the crime. If Hoeller has made any mistakes it is in filing litigation of Case No. 23 CV 3344 in Milwaukee's courthouse very shortly after the May 10, 2023 decision in Waukesha. He was cognizant that all legal paperwork by that time from the new case would have to go the Carroll's outside counsel. For other paperwork from the Small Claims case, Mr. Hoeller believes that when lawyer's make mistakes and this is found in a reckless disclosure of the locations for protection of the restraining order, each lawyer needs their own paperwork. Also, the university needs to know through their registered agent.

5. When someone like one of the respondents did not appear in Milwaukee's courthouse, Mr. Hoeller was very persistent in serving and re-serving summons to notify Carroll University through their registered agent of that matter.

6. With Hoeller's interactions with the civil court judges who gave him dates that were different than the prosecutor who determined a date of April 5, 2022 as the date after which they would prosecute a "no contact order", this is a variation of the federal case of *Raley v. Ohio, 360 U.S. 423 (1959).* In *Raley,* the State of Ohio had assured the defendants that they could invoke the privilege against self-incrimination when they

testified before Ohio Un-American Activities Commission. Other State officials, however, neglected to inform the defendants about an Ohio immunity statute that expressly deprived them of that privilege. So, they were prosecuted for criminal contempt of court. Here Hoeller has not been given the law for violating a restraining order or bail jumping. In hearings of civil court, he was assured in court orders that contacting of the respondents as a continuation of actions was permissible through June 8th. As the judges say it, litigation was not over until it was all over.

7. Shown in Exhibit "F" is a copy of the cross examination of Detective Stucker that was filed on January 5, 2024. In questioning, Detective Stucker was stating to Hoeller that the legal cases need to stop and an attorney must be used. If this was done, the charges of Case No. 23 CF 758 would not have occurred. Whether jurors will believe that Hoeller should not have been defiant with what Detective Stucker was demanding, this conduct is protected. Jurors will not know what protected and unprotected activities and free speech are. From what can be discerned from online searching for this topic, non-protected free speech in defiance of a police officer's request occurs when someone obstructs an officer, resist an arrest, or fails to comply with something that would make a situation safe. It was more of a mere annoyance to receive courtesy copies. Knowledge of the restraining order was known, but Hoeller knows that at a certain time when the time-frame for an appeal was exhausted that Hoeller would have to stop contacting people of Carroll University. When mistakes were found in the restraining order, he brought that to the attention of court.

8. All arrests in these charges have been made exclusively by Detective Stucker of the City of Waukesha. Coming into Hoeller's home in Milwaukee County in legal jargon is called an extrajurisdictional arrest. A limitation of his training and experience can be if he is not a member of the Wisconsin Association of Community Oriented Police (WACOP). Without a membership, he does not have the insight that this organization brings in such a complex action between different counties.
9. In regards to the extrajurisdictional arrests, the City of Milwaukee has a nuisance ordinance that should have been considered by Detective Stucker and the complainants. Under this ordinance, if there are too many complaints that have no merit in getting services of the police, then the people making those complaints can be notified, brought into court, fined, or charged with a misdemeanor crime. The complainants here no longer wanted to receive contact from Hoeller of legal paperwork. This is not at all a valid reason to contact services of any police force. With higher crime rates in Milwaukee compared to Waukesha, Mr. Hoeller has been held to the standards of Waukesha where the police apparently have more time to deal with minute complaints. The police actions have interfered with ongoing civil litigation. His arrests have killed his projects meant to right a wrong through civil court.
10. Harassing and disruptive conduct has been analyzed as found in the Appendix. It is with information like this that the charges do not rise to criminal levels.

## SUMMARY

[Par. 19] There is a 4th and 14th amendment Due Process rights violation stemming from the prosecutor not making a sufficient investigation. Hoeller learned from the civil litigation and relied upon the judges. Hoeller has not made violations of such egregiousness that he could be held liable as a criminal. Comparisons to lawyer malpractice may be useful. If anything has happened wrongfully, it is not intentional. Closer examination of the charges in Case No. 23 CF 758 will show that the charges should not have been filed. Hoeller is allowed 30 days after a decision until it is enforceable. There have been mistakes made mutually between the State of Wisconsin and the Plaintiff. The prosecutor and the police give dates of April of 2022. Judges have allowed him to June 8th. This is a form of entrapment. As far as Hoeller's constitutional rights to petition the government, he did this without injuries to the parties.

Finally, as it turned out there was more litigation than just for employment law. The respondents to this litigation in Milwaukee County were unaware that they made mistakes in the restraining order. They left off locations of Carroll University in Milwaukee County. They were livid from the continued litigation. Grinning and bearing the litigation like Hoeller has had to do with these charges would have been the best policy. The complainants had their own agenda. The charges have gotten out in the news. The police apparently in the City of Waukesha have time to pursue these charges. The charges are still being pursued. The entirety of facts is available in legal, publicly available records. Those records have not been reviewed. The D.A. needs help from the department of justice. Mr. Hoeller will not get a fair trial.

## RELIEF SOUGHT

[Par. 20] The Plaintiff seeks declaratory and injunctive relief for the State to examine all of the evidence that is material. Refer to Exhibit "G" where the case *Raley* has been brought to the court's attention on June 7th without taking it seriously as an absolute defense. They should also declare what they do not have. They should turn over promptly all evidence that they are holding. What happened in civil litigation needs to be understood. Answers as to how the State can proceed with the prosecution of the charges is beyond the Plaintiff's ability to logically understand and process. A penalty that could result is not commensurate with the conduct giving rise to the charges.

Corrections to Due Process violations would include compensation for injuries as the case progresses in the long run. Lost time and recovery of costs are a part of those damages. Loss of reputation are claims that can go high in costs. These charges made the news. Detainment has caused lost time with missed opportunities in professional groups. The case shows harms when complaining lawyers have had their own agendas. They like to play games with people. They also like to act like as an unlicensed Psychiatrist. They do not move on. They have gone overboard which is not necessarily best for all types of people including Hoeller. The prosecutor of this case has done little of an investigation to review the civil process. The costs of Court-appointed attorneys that are unable to defend the action under Constitutional Rights have been costly. Wasted time and anxiety has been produced. Jurors will jump all over Hoeller at trial if the malpractice described here incites them to convict him from his confrontations.

No further does this sayeth. ______________ Timothy L. Hoeller, Pro-Se, 10-12-26