UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TIMOTHY L. HOELLER,**

**Plaintiff,**

**v.** **Case No. 26-CV-1950**

**LESLIE S. BOESE and**
**JOSH KAUL,**

**Defendants.**

---

# ORDER

---

Currently pending before the court is Timothy L. Hoeller's Motion for Leave to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 3.) Having reviewed Hoeller's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Hoeller's Motion for Leave to Proceed in District Court without Prepaying the Filing Fee (ECF No. 3) is granted.

Because the court is granting Hoeller's motion, it must proceed with the second step of the analysis under 28 U.S.C. § 1915 and determine whether the complaint is legally sufficient to proceed.

**1. Legal Standards**

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a

court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32–33. A court may not dismiss a claim as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**2. Factual Allegations**

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations in the plaintiff's complaint. Hoeller names two defendants: Leslie Boese, the District Attorney of Waukesha County, and Josh Kaul, the Attorney General for the State of Wisconsin. (ECF No. 1 at 1.) He states that this action "is a request under a 42 U.S.C. Section 1983 petition for a review of Waukesha County Court Criminal Charges Case No. 22 CF 345 and Case No. 23 CF 758." (*Id.*)

Hoeller acknowledges that a federal abstention doctrine typically bars courts from intervening in ongoing state court proceedings. (ECF No. 1 at 7.) He claims, however, that extraordinary circumstances warrant intervention. (*Id.*)

Hoeller alludes to civil litigation with Carroll University being connected to his criminal charges. (ECF No. 1 at 8–9.) He states that "federal jurisdiction under a Due

Process Rights of 4th and 14th Amendments rights claim would help to untangle the mess of the concurrent and overlapping litigation between state and federal courts." (ECF No. 1 at 9.) Hoeller states that "in all of the civil litigation … the court never mentioned that [he] needed to be compliant with bond conditions of 'no contact.'" (ECF No. 1 at 10.) He claims that "[d]efficiencies like these in the civil proceedings, when [his] focus was what was allowed and not allowed in the civil litigation is predatory practice of prosecution." (ECF No. 1 at 10.) He asserts that criminal charges would not have been filed against him had the district attorney's office completed a "sufficient investigation." (ECF No. 1 at 11.)

Hoeller "seeks declaratory and injunctive relief for the State to examine all of the evidence that is material." (ECF No. 1 at 17.) He also requests compensation for injuries arising from the alleged due process violations. (*Id.*)

**3. Analysis**

Hoeller asks this court to intervene in pending criminal charges against him in Wisconsin state court because he believes that the district attorney's office would drop the criminal charges against him if it was ordered to examine all material evidence. (*See generally* ECF No. 1.)

The *Younger* abstention doctrine would generally preclude this court from intervening. *See Milchtein v. Chisholm*, 880 F.3d 895, 898-99 (7th Cir. 2018) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)). *Younger* and its progeny "require federal courts to

abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998).

Hoeller's state court proceedings appear to satisfy the first three elements under *Younger* in that they are judicial in nature, Wisconsin has a strong interest in conducting its own criminal trials, and Hoeller will have an opportunity to appeal any adverse rulings in state court. And Hoeller does not allege otherwise.

Hoeller contends that extraordinary circumstances weigh against abstention. But he does not clearly articulate what those circumstances are or how they establish that the state court is biased against him or acting in bad faith. *See Ramsden v. AgriBank, FCB*, 214 F.3d 865, 871 (7th Cir. 2000) (party claiming extraordinary circumstances must demonstrate their existence); *Crenshaw v. Supreme Ct. of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999) ("In order to establish her entitlement to the bad faith exception to the *Younger* doctrine, [the plaintiff] must allege specific facts to support her inferences of bad faith, bias, and retaliation. She must present more than mere allegations and conclusions.").

Because Hoeller has not established extraordinary circumstances warranting an exception to the *Younger* abstention doctrine, even liberally construing his complaint he has failed to state a claim upon which relief may be granted in this court. The Seventh

Circuit Court of Appeals has emphasized that the district court generally should afford a plaintiff at least one opportunity to amend the complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). The court will allow Hoeller to file an amended complaint if he wishes to proceed with a federal action. If he files an amended complaint, it will replace the prior complaint and must be complete without reference to the original complaint. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

**4. Conclusion**

**IT IS THEREFORE ORDERED** that Hoeller's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 3) is **granted**.

**IT IS FURTHER ORDERED** that Hoeller must file an amended complaint with the court no later than **November 12, 2026.** **<u>If Hoeller fails to do so the court will recommend that his complaint be dismissed.</u>**

**IT IS FURTHER ORDERED** that all of Hoeller's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Hoeller should also retain a personal copy of each document.

Hoeller is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, Hoeller must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 21st day of October, 2026.

William E. Duffin

WILLIAM E. DUFFIN
U.S. Magistrate Judge