UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**TIMOTHY L. HOELLER,**

**Plaintiff,**

**v.** **Case No. 26-CV-1950**

**LESLIE S. BOESE and**
**JOSH KAUL,**

**Defendants.**

# RECOMMENDATION AND ORDER

Currently pending before the court is Timothy Hoeller's first amended complaint. (ECF No. 6.) The court screened Hoeller's original complaint on October 21, 2026, and ordered him to address certain deficiencies that prevented him from stating a claim to relief. (ECF No. 5.) The court must now review his amended complaint and determine whether it is sufficient to proceed under 28 U.S.C. § 1915.

## 1. Legal Standards

The court will briefly restate the relevant standards that it laid out in its first order screening Hoeller's case. (*See* ECF No. 5.)

The court must determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted). If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**2. Factual Allegations**

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations in the Hoeller's first amended complaint. Hoeller names two defendants: Leslie Boese, the District Attorney of Waukesha County, and Josh Kaul, the Attorney General for the State of Wisconsin. (ECF No. 6 at 1.) He states this action is a request under 42 U.S.C. § 1983 for review of criminal charges in Waukesha County Case No. 23-CF-758. (*Id.* at 1.)

Hoeller explains that he is charged with bail jumping in Case No. 23-CF-758 but that the record is unclear as to the charge's origination, variously referring to failure to appear in court and violation of previously imposed bail conditions. (ECF No. 6 at 6–8.) Hoeller contends that he has experienced "legal systems failures" and effectively faced "entrapment" because he was "acting on the reliance of someone else of authority in state offices" who interpreted and/or changed his bond conditions. (*Id.* at 11–12 (alleging that "state actors" can "provide different allowances, essentially overwriting what the court has done. They can make different interpretations. They can give allowances and privileges where none existed.").)

Hoeller alleges that he

> has been trapped by insufficient examination of the events related to Criminal Case No. 23 CF 758 relying on Civil Court judge's opinions of what he was allowed to do. If this was contrary to Waukesha County's Harassment Restraining Order, then Plaintiff Hoeller was not given the law to him at the time the Civil Court judges made their legal interpretations of what Hoeller could and could not do.

(ECF No. 6 at 19.) He claims that "taking an adverse action that was clearly given … by one state official and then prosecuting them for violating a law associated with that action is … a due process violation under the 4th and 14th U.S. Amendments." (*Id.* at 11.)

Hoeller also contends that the bail jumping charge is not "actionable" because his intent cannot be proven. (ECF No. 6 at 11–14, 17.) He asserts that the charge is "frivolous when considering what is a standard for disruption to a business" and that "the State of

Wisconsin's prosecutors are confused in thinking that the restraining order is for personal protection as in a domestic abuse petition." (*Id.* at 14.)

Hoeller declares that the state court has provided him "with sufficient court-appointed lawyers" but also states that he has had to dismiss his own attorneys and file complaints against them because they have delayed proceedings twice by questioning his competency to stand trial. (ECF No. 6 at 10–11.)

Hoeller "[s]eeks declaratory and injunctive relief for the State to examine all of the evidence that is material and filed in publicly accessible court documents." (ECF No. 6 at 19.) He claims that "[c]orrections to due process violations would include compensation for injuries as the case progresses in the long run. Lost time and recovery of costs are a part of those damages. Loss of reputation are claims that can go high in costs." (*Id.*)

**3. Analysis**

Hoeller asks this court to intervene in pending criminal charges against him in Wisconsin state court because he appears to believe that the district attorney's office would drop the criminal charges against him if it was ordered to examine all material evidence. (*See generally* ECF No. 6.)

As the court explained in its first order screening Hoeller's case (ECF No. 5), the *Younger* abstention doctrine generally precludes this court from intervening in state court proceedings. *See Milchtein v. Chisholm*, 880 F.3d 895, 898-99 (7th Cir. 2018) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)). *Younger* and its progeny "require federal courts to

abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998).

Hoeller acknowledges the *Younger* abstention doctrine and the requirement to identify extraordinary circumstances. (ECF No. 6 at 10.) But he once again does not articulate how any extraordinary circumstances establish that the state court is biased against him or acting in bad faith. *See Ramsden v. AgriBank, FCB*, 214 F.3d 865, 871 (7th Cir. 2000) (party claiming extraordinary circumstances must demonstrate their existence); *Crenshaw v. Supreme Ct. of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999) ("In order to establish her entitlement to the bad faith exception to the *Younger* doctrine, [the plaintiff] must allege specific facts to support her inferences of bad faith, bias, and retaliation. She must present more than mere allegations and conclusions.").

Hoeller's first amended complaint is rife with attacks on the merits of the charges against him. But he has not plausibly alleged that the state court is acting in bad faith to preclude him from defending against those charges. Nor has Hoeller alleged that the state court has prevented him from alleging due process violations. This court will not conduct a pre-trial review of alleged constitutional deficiencies in ongoing state criminal proceedings. *See Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1071 (7th Cir. 2018) ("As

the Supreme Court has put it, federal courts may decline to exercise jurisdiction where denying a federal forum would 'clearly serve an important countervailing interest,' including 'regard for federal-state relations.'") (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, (1996)).

Because Hoeller has not pled extraordinary circumstances weighing against application of the *Younger* abstention doctrine, even liberally construing his complaint he has failed to state a claim upon which relief may be granted in this court.

**4. Conclusion**

In sum, Hoeller has failed to state a claim upon which relief can be granted in the federal district court. Because not all parties have had the opportunity to consent to the jurisdiction of a magistrate judge, the Clerk of Court will randomly assign the case to a district judge for consideration of this court's recommendation that the action be dismissed. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority").

**IT IS THEREFORE RECOMMENDED** that Hoeller's first amended complaint (ECF No. 6) and this action be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or

part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 17th day of November, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge